UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. RIVAS CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01330-DJC-SCR<br><br><br>ORDER |

Pending before the Court is Petitioner's Motion for Temporary Restraining Order seeking release from Immigration and Customs Enforcement ("ICE") custody. Petitioner was transferred to ICE custody after he was arrested for a misdemeanor in June 2025.  For the reasons discussed below, the Court DENIES Petitioner's Motion for Temporary Restraining Order.

## BACKGROUND

Petitioner is a citizen and native of Venezuela.  (Habeas Petition ("Pet.") (ECF No. 1) ¶ 54.)  Petitioner applied for parole from outside the United States with his partner and children through CBP's "CBP One Application."  (*Id.* ¶ 57.)  Petitioner was paroled into the United States under 8 U.S.C. § 1125(d)(5)(A) and placed in removal proceedings under section 1229a.  (*Id.*)  In June 2025, Petitioner was arrested by

1

Respondents after local law enforcement summoned ICE after Petitioner was arrested for a class C misdemeanor for public intoxication. (*Id.* ¶ 64.) After being in custody for six months, Respondents held a custody redetermination hearing. (*Id.* ¶ 77.) At this hearing, which took place in December 2025, the Immigration Judge found that DHS met its burden of establishing, by clear and convincing evidence, that Petitioner flight risk. (*Id.* ¶ 84.)

Petitioner brings the instant Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order (Mot. TRO (ECF No. 7)) seeking release from custody. The matter is fully briefed (Opp'n (ECF No. 10); Reply (ECF No. 11)) and ordered submitted without a hearing.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

**DISCUSSION**

Petitioner argues that he received an inadequate bond hearing in violation of Due Process because the Immigration Judge did not allow Petitioner to testify and did

not consider highly probative evidence.[1]  Respondents argue that any challenges to the sufficiency of evidence underlying the Immigration Judge's determination are reserved for the immigration appeal process and not for this Court.

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard."  *Id.* (citation and quotations omitted).  "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).   The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."  *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017).  Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion.  *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

The Immigration Judge's order denied Petitioner's bond on the following basis: "The Court considered the applicant's request for bond.  However, DHS met its burden to establish by clear and convincing evidence that the applicant's release would pose such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate."  (ECF No. 10-3.)  Although the order was brief, the Immigration Judge elaborated on his finding regarding flight risk by discussing (1) Petitioner's short time period in the United States; (2) lack of property; (3) pending

---

[1] The remedy for any violations of Petitioner's parole revocation would be a deprivation hearing, and because Petitioner was given a hearing, the Court considers only the constitutionality of the hearing he received in December 2025.

3

asylum application; (4) Petitioner's arrest and (5) Petitioner's family ties.  (Mot. TRO at 5 citing (ECF No. 2) at 31.)

Petitioner has not established an abuse of discretion on the part of the Immigration Judge.   An Immigration Judge's failure to cite every piece of evidence in the record does not amount to clear error.  *Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir. 2000).  Here, the Immigration Judge references several factors on which he based his decision to deny bond apart from the issue of family ties.  While the Court expresses concern about the Immigration Judge's decision to refuse to permit Petitioner to testify and the potential mischaracterization of the extent of his family circumstances, the Court finds that Petitioner has not, at this stage, demonstrated that such evidence would be "highly probative or potentially dispositive" in light of the other considerations.  *See C.A.R.V. v. Wofford,* 2026 WL 241823, at *7–8 (E.D. Cal. Jan. 29, 2026).

Because Petitioner has not demonstrated serious questions or a likelihood of success on the merits as to his claims, the Court need not consider the other *Winter* factors.  *California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018).

**CONCLUSION**

In accordance with the above, Petitioner's Motion for Temporary Restraining Order is converted to a Motion for Preliminary Injunction and DENIED.  The matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE